RANDOLPH KELLY, JR. and MAGLORIA KELLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelly v. Commissioner
Docket No. 1906-80.
United States Tax Court
T.C. Memo 1983-156; 1983 Tax Ct. Memo LEXIS 637; 45 T.C.M. (CCH) 1059; T.C.M. (RIA) 83156; March 22, 1983. Randolph Kelly, Jr., pro se. Rosa Berman, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for 1976 of $830 and an addition to *638 tax under section 6653(a) [1] of $42. Due to concessions, the issues for decision are 1) whether petitioners were entitled to a claimed $5,200 disability income exclusion under section 105(d), 2) whether petitioners were entitled to a claimed $226 earned income credit under section 43, 3) whether petitioners have substantiated medical expenses beyond those conceded by respondent and 4) whether petitioners are entitled to a sales tax deduction in excess of the amount allowed in repondent's sales tax tables based on their income. To facilitate disposition of the issues, our findings of fact and opinion are combined. Petitioners Randolph Kelly, Jr. and Magloria Kelly, husband and wife, resided at Long Beach, California, at the time they filed the petition. Issue 1. Disability Income Exclusion
Petitioner Randolph Kelly, Jr. was disabled and did not work during 1976. In that year the received Social Security benefits and payments from Metropolitan Life through *639 a privately held insurance policy. Petitioners reported none of the amounts received from Social Security or Metropolitan Life as income on their return and respondent agrees this reporting position was correct. During 1976, Magloria Kelly received $10,646.15 as wages from the General Telephone Company of California. Petitioners reported these wages as income. The only other income petitioners reported on their 1976 Form 1040 was $290 of "Income other than wages, dividends, and interest." From the $10,936 of income reported, petitioners subtracted $5,200 as a disability income exclusion.This left an adjusted gross income of $5,736. Respondent contends that petitioners are entitled to no disability income exclusion under section 105(d) because they were never required under section 105(a) to report any disability income and never did. We agree. Section 105(a) [2] provides that a taxpayer has to report certain amounts received under accident and health plans as income. Section 105(d) allows the taxpayer not to include in income the first $100 of those payments for each week the taxpayer is away from work on account of sickness or injury if the payments are wages or in *640 lieu of wages. This exclusion can add up to $5,200 per year. If a taxpayer has received no payments which are included in income by virtue of section 105(a), however, he simply has no payments to exclude under section 105(d). In the instant case, petitioners received no amounts includable *641 in their income by virtue of section 105(a). Accordingly, they are entitled to no amount of exclusion under section 105(d). Petitioners, in effect, treated section 105 as providing a $5,200 deduction for disabled people. This the statute simply does not authorize. Issue 2. Earned Income Credit
On their 1976 Form 1040, petitioners claimed a $226 earned income credit under section 43. Respondent disallowed this credit on the ground that petitioners' earned income and adjusted gross income exceeded $8,000 in 1976. Under section 43 [3] certain eligible individuals may receive a credit against their tax. The credit steadily rises to a maximum of $400 where the taxpayer's earned income is $4,000 and steadily declines after the taxpayer's adjusted gross income (or earned income, if greater) exceeds $4,000. Where the taxpayer's earned income or adjusted gross income is $8,000 or more, the credit is unavailable. Section 1.43-1(b)(1), Income Tax Regs. In the instant case, both petitioners' earned income (as defined in section 43(c)(2)) and adjusted gross income exceed $8,000. Consequently, they cannot receive any credit under section 43. *642 Issue 3. Medical Deductions
Petitioners attached to their 1976 Form 1040 a Schedule A filled out to claim $1,405 in taxes, $2,881 in interest expenses and $359 in charitable contributions. The Schedule A listed no medical expenses. Despite the fact that the abovementioned items add up to $4,645, on their Form 1040, petitioners did not elect to itemize their deductions and instead claimed a $2,100 standard deduction. Respondent has conceded that petitioners should be allowed their itemized deductions and not the standard deduction. Further, respondent concedes that the $4,645 of itemized deductions listed on Schedule A are properly deductible. Respondent has also determined that in 1976, petitioners incurred $1,230 of expenses for doctors and transportation for medical care and $624 of expenses for medicine and drugs. Within the $624 figure for medicine and drugs, respondent included $324 attributable to the cost of various salves and ointments used to treat severe eczema suffered by two of petitioners' daughters, Echeverria and Shalonda. At trial petitioners requested an opportunity to show that their medical expenses in 1976 were higher than the amount respondent *643 had allowed. Randolph Kelly, Jr. testified that the ointments he purchased for his daughters were roughly twice as expensive as respondent had allowed and were purchased more frequently than respondent calculated. Petitioners were unable to produce any receipts to substantiate this testimony, but on the whole we found the testimony sufficiently detailed and credible for us to estimate under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), that petitioners are entitled to a further deduction of $324 on account of medicine and drugs in 1976. No other testimony or evidence was presented by petitioners to show that their 1976 medical expenses exceeded those determined by respondent. Consequently, in all other respects respondent's medical expense determinations are sustained. Rule 142(a). Issue 4. General Sale Tax Deduction
At trial petitioners requested the opportunity to show that they were entitled to sales tax deductions in excess of those allowed in respondent's tables for their income. Although the opportunity was afforded, petitioners presented no evidence on this subject. Consequently, respondent's determination regarding sales taxes is sustained. *644 Rule 142(a). A final note. Petitioners argue that they should not have to pay any deficiencies attributable to the error of their return preparer. While we sympathize with petitioners about the quality of the return preparation services they received, this is simply no reason to relieve petitioners of taxes which were legally owing and which would have been paid upon the filing of their 1976 return if their return had been correctly calculated. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. During 1976, section 105 provided, in relevant part: SEC. 105.AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. (d) WAGE CONTINUATION PLANS.--Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. * * *↩
3. For the taxable year 1976, section 43 provided, in relevant part: SEC. 43. EARNED INCOME. (a) ALLOWANCE OF CREDIT.--In the case of an eligible individual, there is allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to 10 percent of so much of the earned income for the taxable year as does not exceed $4,000. (b) LIMITATION.--The amount of the credit allowable to a taxpayer under subsection (a) for any taxable year shall be reduced (but not below zero) by an amount equal to 10 percent of so much of the adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds $4,000. (c) DEFINITIONS.--For purposes of this section-- (1) ELIGIBLE INDIVIDUAL.--The term "eligible individual" means an individual who, for the taxable year-- (A) maintains a household (within the meaning of section 44A(f)(1)) in the United States which is the principal place of abode of that individual and-- (i) a child of that individual if such child meets the requirements of section 151(e)(1)(B) (relating to additional exemptions for dependents), * * *. (2) EARNED INCOME.-- (A) The term "earned income" means-- (i) wages, salaries, tips, and other employee compensation * * *.↩